## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS

**ENTERED**
**07/14/2010**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **JOHN A GARCIA., et al** | § | **BANKRUPTCY NO. 09-20338-C-13** |
| | § | |
| | § | **CHAPTER 13** |
| **DEBTOR(S)** | § | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| **JOHN GARCIA, et al** | § | |
| | § | |
| | § | |
| | § | |
| **PLAINTIFF(S)** | § | |
| | § | |
| **v.** | § | **ADVERSARY NO. 10-2040-C** |
| | § | |
| | § | |
| **BAC HOME LOANS SERVICING, LP** | § | |
| **fka COUNTYWIDE HOME LOANS** | § | |
| **SERVICING, LP** | § | |
| | § | |
| **DEFENDANT(S)** | § | |

## COMPREHENSIVE DISCOVERY, MEDIATION AND SCHEDULING ORDER

Pursuant to Fed R. Civ. P. 1, 16 and 26, the following order is made:

1.      Within ten (10) days after the answer is filed, the attorneys shall meet and exchange initial disclosure information pursuant to Rule 26(a)(1), and shall select a mediator.

2.      Within fourteen (14) days after service of the answer, the attorneys shall notify the Clerk of the Court of the name of the mediator or that no mediator could be agreed upon.

3.      <u>DEFAULT JUDGMENT:</u>

If no answer is timely filed by the Defendant, the Plaintiff shall request a Default Judgment within 20 days after the answer is due. If no Motion for Default Judgment is filed within the deadline set forth herein, the case will be dismissed for lack of prosecution.

1

4.     ORDER OF REFERRAL TO MEDIATION:

The Court, having reviewed the pleadings on file in this cause and the nature of the proceedings herein, has determined that this case is appropriate for a form of alternative dispute resolution known as mediation. See Fed. Rules Civ. P. 1 and 16.

Mediation is a mandatory but non-binding settlement conference wherein the parties attempt to resolve their differences with the assistance of a third party facilitator: the mediator. All proceedings in a mediation session are confidential and privileged from discovery.  No subpoenas, summonses, citations, or other process shall be served at or near the location of any mediation session upon any person entering, leaving, or attending any mediation session.

As set forth in Paragraph 2, above, all counsel (and any pro se party) are directed to select a mediator agreeable to all parties and contact the mediator to arrange the logistics of mediation within ten (10) days from the date the answer to the complaint is filed (the "Answer Date").  A list of approved mediators is attached hereto as Exhibit "A."  The Court Clerk shall be notified in writing within fourteen (14) days after the Answer Date the name of the selected mediator or that no mediator could be agreed upon.  If the Court Clerk is notified that no mediator is agreed upon, the Court will appoint a mediator from its list on a rotating basis.

Following the mediation, the Court will be advised only that the case did or did not settle. No other information will be transmitted to the Court by the mediation organization or any other party.

The parties shall make independent arrangements for payment of fees for the mediation. The costs of mediation are to be divided and borne equally by the parties unless otherwise agreed upon or ordered.  Each party and its counsel will be bound by the Rules for Mediation and shall timely complete and return as directed by the mediator any information forms as are furnished by the mediator.

The named parties shall be present during the entire mediation process, and each party which is not a natural person must be represented by an executive officer with authority to negotiate a settlement.  Counsel and parties shall proceed in a good faith effort to try to resolve this case and shall agree upon a mediation date within 60 days from the Answer Date.  If no agreed date can be scheduled within 60 days from the Answer Date, then the mediator will select a date within the following 30 days and the parties shall appear as directed by the mediator.  In any event, mediation shall occur within 90 days from the Answer Date.

Referral to alternative dispute resolution is not a substitute for trial, however, and the case will be tried if not settled.  The Mediator shall notify this Court and the Clerk, in writing, no later than 90 days from the Answer Date whether the mediation did or did not result in settlement.

The Mediator shall be served by the moving party or respondent with any pleading seeking to affect, modify or vacate this Order of Referral to Mediation.

The Plaintiff shall serve a copy of this Order on the Defendant(s) and Defendant's counsel (if known) within seven (7) days of the date this Order is entered. If Plaintiff does not know the name of Defendant's counsel because no answer has been filed, the Plaintiff shall serve Defendant's counsel within seven (7) days after an answer has been filed.

5.    SCHEDULING ORDER IN THE EVENT MEDIATION IS NOT SUCCESSFUL

Within seven (7) days following notification by the mediator that mediation was not successful, the parties shall meet and plan for discovery pursuant to Rule 26(f) and shall file their **Discovery Plan** with the Court.

**Discovery** shall be completed within sixty (60) days after notification by the mediator that mediation was not successful.

**Motions** shall be filed within fifteen (15) days after the completion of discovery.

**Responses to Motions** shall be filed within ten (10) days after the filing of the motions.

**Other parties** shall be joined within fifteen (15) days after the completion of discovery.

**Amendments to pleadings** shall be filed within fifteen (15) days after the completion of discovery.

The **Joint Witness and Exhibit Statement** shall be filed within five (5) days before the Final Pretrial Conference. The Joint Witness and Exhibit Statement shall comply with Exhibit "B" attached hereto. Exhibit "B" constitutes the further Orders of the Court.

**Proposed Findings of Fact and Conclusions of Law** shall be filed within five (5) days before the Final Pretrial Conference.

A **Final Pretrial Conference** will be set by the Clerk of the Court and noticed separately.

6.    SANCTIONS:

Failure to obey this Order will result in sanctions being imposed as authorized in Rule 16(b), Fed. R. Civ. P.

SO ORDERED: _____7|14|10_____

RICHARD S. SCHMIDT
UNITED STATES BANKRUPTCY JUDGE

cc:    Counsel of Record

Mediator (updated on 3/08)

## APPROVED MEDIATORS

**John Barrow**
605 Bank of America Center
Shoreline
Corpus Christi, TX 78471
    361/883-2100

**Harrell Z. Browning**
600 Leopard, Suite 103
Corpus Christi, TX 78473
    361/883-1940

**Fieldcamp, Steven W.**
10730 Atlanta Street
Corpus Christi, TX 78410
    361/881-9958

**Todd A. Hunter**
555 N. Carancahua
Corpus Christi, TX 78478
    361/884-8777

**John L. Johnson**
611 S. Tancahua
Corpus Christi, Texas 78401
    361/888-4411

**Andrew J. Lehrman**
Sorrell, Anderson, Lehrman,
 Maixner & Ridulfo
1001 Third Street, Suite 1
 Corpus Christi, TX 78404
    361/884-4981

**Christopher E. Matt**
5262 So. Staples Street, Suite 300
Corpus Christi, TX 78411
    361/884-5215

**Christopher Lee Phillippe**
806 Morgan Blvd., Suite J
Browsville, TX 78521
    956/440-0061

**Eduardo V. Rodriguez**
1265 N. Expressway 83
Brownsville, TX 78521
    956/547-9630

**Matthew A. Rosenstein**
711 N. Carancahua
Corpus Christi, TX 78401
    361/883-5577

**Antonio Villeda**
5414 North 10 Street
McAllen, TX 78504
    956/631-9100

**Marvin J. Wanner**
1001 Third Street, Suite 1
1200 American Bank Plaza
Corpus Christi, TX 78404
    361/884-4981

**William A. Whittle**
5151 Flynn Pkwy #308
Corpus Christi, TX 78411
    361/887-6993

**EXHIBIT "A"**

## JOINT WITNESS AND EXHIBIT STATEMENT

Plaintiff shall file a JOINT WITNESS AND EXHIBIT STATEMENT setting forth the matters discussed below. All counsel are to cooperate in its preparation. Failure to comply may result in sanctions under Federal Rules of Civil Procedure 16 and 37. If any party fails to cooperate, the cooperating party or parties shall timely file a JOINT WITNESS AND EXHIBIT STATEMENT setting forth the name of the non-cooperating party and describing the efforts to obtain that non-cooperating party's cooperation.

1.   A list containing the names and addresses of all witnesses expected to be called during trial. A statement of what facts are expected to be proved by each witness.

Witness examination times. Anyone expecting to examine a witness must state the amount of time to be reserved for examining that witness.

The proponent of a witness must state the amount of courtroom time needed for direct examination. The opponent must state the amount of courtroom time needed for cross examination of that witness.

Examination times must be listed by witness.

Example:    John Doe.
            45 minutes for direct examination.
            45 minutes for cross examination by Creditor 1.
            20 minutes for cross examination by Creditor 2.

Failure to provide this information may result in counsel's inability to examine such witness for testimony at trial, or to introduce the exhibits at trial, or may result in other appropriate sanctions unless good cause is shown for such failure(s). This does not apply to rebuttal or impeachment witnesses.

2.   An Exhibit List (form attached hereto as Exhibit "C") numbering and briefly describing all exhibits to be offered in evidence or referred to in trial. All exhibits must be marked by the parties for identification prior to trial (for example: "Jones Exhibit 1"). ALL EXHIBITS OFFERED AT TRIAL WILL BE ADMITTED INTO EVIDENCE BY AGREEMENT OF COUNSEL except those exhibits specifically disputed in the respective trial statements.

**EXHIBIT "B"**

Counsel are to confer at their earliest convenience for stipulations and the exchange of documents to be offered in evidence at the trial.  Documents or physical evidence not presented to opposing counsel prior to trial will be inadmissible during trial, only unless they are for rebuttal or impeachment purposes.

Any witness or exhibit not identified in the Joint Witness and Exhibit Statements shall not be admitted during trial except on a showing that the evidence was not previously known to the party, and could not have been discovered by reasonable diligence prior to trial.

## SUPPLEMENTAL WITNESS AND EXHIBIT STATEMENT

If additional witnesses are required by any party after the filing of a Joint Witness and Exhibit Statement but before the date of the trial, a Supplemental Witness and Exhibit Statement must be filed with the Clerk and served on opposing parties immediately.  It must include a statement as to why the additional witness was not disclosed earlier.  Whether the witness will be admitted at trial will be determined by the court in its discretion.

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS

MAIN/ADV NO.

WITNESS:

DEBTOR

VS

JUDGE

COURTROOM STAFF

DATE                    AT

PARTY'S NAME

ATTORNEY'S NAME

ATTORNEY'S PHONE

NATURE OF PROCEEDING

### EXHIBIT LIST

| NO | DESCRIPTION | NR | OF | OJ | AM | DT | Disposition After Trial |
|----|-------------|----|----|----|----|----|-------------------------|
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |

**NOTE:  This exhibit list is to be prepared in advance of trial by parties and furnished to the court in duplicate and served on the opposing parties.**

EXHIBIT "C"

*compschd.or*